UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSE M. CASTILLO, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 05-40040-FDS |
| STEVEN J. O'BRIEN, | ) | |
| Respondent. | ) | |

**ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondents hereby answer the petition for writ of habeas corpus of the petitioner Jose M. Castillo.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9(a)-(e). Admitted. Further answering 9(c), the respondent states that the citation is *Commonwealth v. Castillo*, 61 Mass. App. Ct. 1102, 807 N. E. 2d 252 (2004). Further answering 9(e)(3), the respondent states that the citation is *Commonwealth v. Castillo*, 442 Mass. 1103, 810 N.E. 2d 1229 (2004).

9(f).        Left blank by the petitioner.

10.          Denied. The respondent states that on October 18, 2000, the petitioner filed a motion for a new trial in Worcester Superior Court.

11(a)(1).    Left blank by the petitioner. The respondent states that the motion for new trial was filed in the Worcester Superior Court.

11(a)(2).    Left blank by the petitioner. The respondent states that the petitioner filed a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b).

11(a)(3).    Left blank by the petitioner. The respondent states that the petitioner raised the following grounds in his motion for a new trial: (1) He was denied due process of law and the denied the right to be tried by a fair and impartial jury as secured to him by the 6th Amendment to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights as evidenced by the following: (a) the extent of the pre-trial publicity that linked the petitioner with an unrelated but active investigation of a missing baby had been so persistent and prejudicial that there was little likelihood that a fair and impartial jury could have been impaneled in Worcester County; (b) the trial court's refusal to ask the individual voir dire questions that focused on the missing baby case and which had been requested by the defense was error, given the likelihood that some jurors recollection about the missing baby case would be refreshed during the course of trial; (c) at least two of the fourteen jurors responded to voir dire questioning by saying that they had previously

heard about the petitioner, presumably because of the missing baby case. Neither of these jurors was specifically directed not to discuss this with the other jurors. (2) The petitioner was denied due process of law and denied the effective assistance of counsel as guaranteed to him by the 6th Amendment to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights, as evidenced by the following: (a) after the Commonwealth had rested its case, the Department of Social Services (DSS) produced a 51-A report that had been prepared the day after the victim first complained about the petitioner. Several aspects of the 51-A report are exculpatory in nature; (b) the petitioner's pre-trial preparations and the defense counsel's efforts up until the point where the Commonwealth rested its case would have been different in several material respects if defense counsel had been furnished with this 51-A report with pre-trial discovery. (3) The petitioner was denied due process of law as secured to him by the 14th Amendment to the United States Constitution, as evidenced by the following: (a) The prosecutor engaged in prosecutorial misconduct and (b) the trial court permitted the introduction of fresh complaint testimony that went beyond the scope of the complaining witness' testimony.  In the process, the complaining witness was portrayed in a much more sympathetic light, and an element of sexual abuse that was more offensive that the petitioner's alleged conduct was made a part of the proceedings.

11.(a)(4).  Left blank by the petitioner. The respondent states that the petitioner did not receive an evidentiary hearing.

11(a)(5).  Left blank by the petitioner. The respondent states that the motion for new trial was denied.

11(a)(6).  Left blank by the petitioner. The respondent states that the motion for new trial was denied on November 4, 2002.

11(b)-(d).  Left blank by the petitioner.

12A.  (Ground one). The respondent denies each and every allegation of fact contained in paragraph 12A of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12A contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12B.  (Ground two). The respondent denies each and every allegation of fact contained in paragraph 12B of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12B contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

13.  Left blank by the petitioner.

14.  The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and calls upon the petitioner to prove same.

15.  Admitted.

16. Admitted.

17. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the petitioner to prove same.

Pursuant to Rule 5, Respondent's Supplemental Materials are filed herewith, containing the following documents:

1. Docket entries, *Commonwealth v. Castillo*, WOCR1999-00108.

2. Defendant-Appellant's Brief and Record Appendix on Appeal, *Commonwealth v. Castillo*, No. 2003-P-264.

3. Defendant-Appellant's Supplemental Record Appendix on Appeal, *Commonwealth v. Castillo*, No. 2003-P-264.

4. Commonwealth's Brief on Appeal, *Commonwealth v. Castillo*, No. 2003-P-264.

5. *Commonwealth v. Castillo*, 61 Mass. App. Ct. 1102, 807 N. E. 2d 252 (2004).

6. Defendant-Appellant's Application for Further Appellate Review, *Commonwealth v. Castillo*, FAR 14183.

7. Denial of FAR Application, *Commonwealth v. Castillo*, 442 Mass. 1103, 810 N.E. 2d 1229 (2004).

## **First Defense**

The petition should be denied because it fails to state a claim upon which relief can be granted.

**Second Defense**

The petition should be denied because the decision of the state court was not contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d)(1).

**Third  Defense**

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence.  *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

**Fourth Defense**

The petition should be denied because it raises questions of State law that do not allege a violation of the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2254(a).

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

                Respectfully submitted,
                THOMAS F. REILLY
                Attorney General

                /s/ Eva M. Badway
                Eva M. Badway
                Assistant Attorney General
                Criminal Bureau
                One Ashburton Place
                Boston, Massachusetts 02108
                (617) 727-2200, ext. 2824

Dated: March 22, 2005            BBO # 635431