UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**JOSE M. CASTILLO,**               )
                                    )
       **Petitioner,**         )
                                    )   **Civil Action No.**
       v.                      )   **05-40040-FDS**
                                    )
**STEVEN O'BRIEN,**                 )
                                    )
       **Respondent.**         )
_____)

**MEMORANDUM AND ORDER ON APPLICATION**
**FOR CERTIFICATE OF APPEALABILITY**

**SAYLOR, J.**

    This matter is before the Court on petitioner Jose M. Castillo's application for a certificate of appealability ("COA") from the denial of his habeas corpus petition, pursuant to 28 U.S.C. § 2253.

    On September 21, 2000, Castillo was convicted of indecent assault and battery on a child under the age of fourteen and indecent assault and battery on a person over the age of fourteen. In the months preceding his trial, petitioner's name had been in the local press frequently in association with a different foster child who had gone missing. On March 1, 2005, petitioner filed a writ of habeas corpus per § 2254, seeking review of the constitutionality of the state court's decision not to grant his change of venue motion and not to ask certain specific *voir dire* questions he requested. This court denied petitioner's writ on the merits on June 20, 2008.

    To appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," the petitioner must first obtain a

COA from a circuit justice or judge.  28 U.S.C. § 2253(c).[1]   A COA should not issue unless the petitioner "has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  This standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

The petitioner has moved for review of two issues: (1) whether his Sixth and Fourteenth Amendment rights to a trial by impartial jury were violated when the state trial court refused to grant him a change of venue; and (2) whether his Sixth and Fourteenth Amendment rights to a trial by impartial jury were violated when the state trial court, after refusing to question potential jurors on their knowledge of petitioner's connection to a "missing child" case, instead questioned potential jurors on whether they had heard anything about petitioner in the media.  The request for a certificate of appealability will be granted in part with respect to the first issue and denied with respect to the second issue.

Regarding the first issue, the constitutional standard in similar change of venue cases is whether, in the totality of the circumstances, the petitioner's trial was fundamentally fair.  *See Murphy v. Florida*, 421 U.S. 794, 799 (1975).  The Court finds that petitioner has established that reasonable jurists could disagree as to whether his constitutional rights were violated by the

---

[1] By local rule of the First Circuit,

> If the district court grants the certificate of appealability, it must state which issue or issues satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).  If the district court denies a certificate of appealability, it must state the reasons why the certificate should not issue.

First Circuit L.R. 22.1(a).

denial of the motion for change of venue given the pre-trial publicity linking petitioner to the unrelated, missing child case. Regarding the second issue, the constitutional standard in similar *voir dire* cases is whether the trial court's failure to ask certain questions rendered the petitioner's trial fundamentally unfair. *Mu'Min v. Virginia*, 500 U.S. 415, 425-26 (1991). Relevant Supreme Court cases "have stressed the wide discretion granted to the trial court in conducting *voir dire* in the area of pretrial publicity." *Id.* at 427. The Court finds that petitioner has *not* established that reasonable jurists could disagree that his constitutional rights were violated by the trial court's refusal to ask the specific *voir dire* questions petitioner requested.

Accordingly, petitioner's application for a certificate of appealability is GRANTED as to the following question:

> Whether the decision of the Massachusetts Appeals Court that the state trial court did not err in denying petitioner's request for a change in venue was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.[2]

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 5, 2008

---

[2] In his motion for a COA, petitioner also sought review of this issue on the basis of an unreasonable determination of the facts in light of the evidence presented in the state court proceeding pursuant to § 2253(d)(2). However, as the Court noted in its earlier Memorandum and Order (Dkt. No. 18 at 9 n.1), petitioner's habeas corpus petition did not address this section of the statute. Because the Court only addressed § 2253(d)(1) in evaluating the habeas corpus petition, petitioner's COA, likewise, will be restricted. *Cf. McGonagle v. United States*, 137 Fed. Appx. 373, 380 (1st Cir. 2005) (stating that a petitioner may not raise on appeal an argument "that he did not seasonably raise in the district court) (quotations omitted).